UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————X

ALBERT ROBINSON,

        Plaintiff,

        v.

VIGORITO, BARKER, PATTERSON, NICHOLS
& PORTER, LLP.; JEFFREY NICHOLS; MAMIE
STATHATOS-FULGIERI; SCOTT SINGER;
EDWARD J. AREVALO; GILBERT H. CHOI;
ROBERT BOCCIO; KIKI CHRISOMALLIDES;
ADAM S. COVITT; CAROLYN RANKIN; ANNA
I. HOCK; WAYNE R. ROTH; RUTH
BOGATYROW-KRAFT; RALPH VINCENT
MORALES; GREGG DOUGLAS WEINSTOCK;
MARGARET HILTON-ANTONINO; ALFRED R.
VIGORITO; GARY W. PATERSON; TODD E.
GILBERT; KEVIN D. PORTER; DYLAN
BRAVERMAN; JERRY GIARDINA; ADONAID
C. MEDINA; LEILANI RODRIGUEZ; ANTHONY
VENDITTO; JOHN DOE; DAVID KEITH OAKS;
THE LAW FIRM OF DAVID K. OAKS, PA;
KIMBERLY MURPHY,

        Defendants.

———————————————————————X

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ **AUG 2 0 2019** ★

BROOKLYN OFFICE

**MEMORANDUM
AND ORDER**

19-CV-2914 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

    On May 13, 2019, plaintiff, a resident of Georgia, filed this *in forma pauperis* action *pro se* against Defendant attorneys and law firms involved in litigation in other jurisdiction in which plaintiff was a party seeking damages. By Order dated July 31, 2019, the complaint was dismissed as frivolous and malicious and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); Judgment was entered on August 1, 2019. On August 12, 2019, plaintiff submitted "Plaintiff's Objection to Judge's Sua Sponte Taking of Judicial Notice, Order Adjudicating the Merits of the Case and then Dismissing Case as

1

Frivolous & Malicious and Plaintiff's Request to Be Heard Pursuant to Federal Rules of Evidence 201(e) and Motion to Be Represented by Counsel." The Court construes plaintiff's submission as a request for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure since it was filed within twenty-eight days of the judgment. *See* Fed. R. Civ. P. 59(e). For the reasons set forth below, Plaintiff's motion for reconsideration is denied.

Under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, a court may grant reconsideration on the basis of an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotation marks and citation omitted). The standard for granting a reconsideration motion is "strict," and reconsideration generally will be denied "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (quotations omitted).

In his motion for reconsideration, Plaintiff does not identify any intervening change of controlling law, or the availability of new evidence, that would warrant the Court's reconsideration of its order dismissing Plaintiff's complaint. Nor does Plaintiff identify any controlling decisions that the Court overlooked in its prior order. In other words, Plaintiff does

2

not point the Court to any ground for reconsideration under the strict standards of Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e). Therefore, Plaintiff's motion is denied.

With respect to plaintiff's objection to the Court taking judicial notice of the fact that plaintiff has been a party to a least a dozen civil actions in the federal courts, this Court may take judicial notice of prior lawsuits. *See Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings." (citation omitted)); *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts ... to establish the fact of such litigation and related filings.").

To the extent plaintiff requests the appointment of pro bono counsel, the motion is denied.

## CONCLUSION

Accordingly, the motion for reconsideration is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

s/WFK

William F. Kuntz, II
United States District Judge

Dated: Brooklyn, New York
August 20, 2019

3